Christopher D. Nissen, Esq. (SBN 202034)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Tel:    (213) 443-5100
Fax:    (213) 443-5101
E-mail: Christopher.Nissen@wilsonelser.com
Attorneys for Defendant
SUZAN SIRAJELDINE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| *SEAN WHILDEN, an individual;* | Case No: 2:24-CV-2355 |
| *Plaintiff,* | **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a) & 1441(b)** |
| *v.* | Removed from the Superior Court of California, County of Los Angeles, Case No. 23TRCV02485 |
| *SUZAN SIRAJELDINE, an individual; and DOES 1 through 100, inclusive,* | |
| *Defendants.* | |

**TO THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant SUZAN SIRAJELDINE ("Removing Defendant"),  with a principal residence in Ontario, Canada, hereby removes civil action number 23TRCV02485 from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). As shown below, this Court has diversity jurisdiction because Plaintiff SEAN WHILDEN ("Plaintiff") is completely diverse from Defendant and the amount in controversy exceeds the $75,000 minimum

1

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 & 1441

294708923v.1

threshold.

On March 21, 2024, Removing Party's counsel met and conferred with Plaintiffs' counsel regarding Removing Defendant's intention to remove the case to federal court and as of the date of this filing no response has been received. Decl. of Christopher Nissen ("Nissen Decl.") at ¶ 18, Exhibit 17.

In accordance with 28 U.S.C. § 1446(a), the Removing Defendant has attached true and correct copies of all process, pleadings and orders that are part of the state court file as of the date of this filing. *See* Exhibits 1-17 to Nissen Decl. at ¶¶ 2-18.

The grounds and the reasons for removal are described below:

**I.      STATEMENT OF THE CASE**

Plaintiffs filed his Complaint for Damages ("Complaint") on August 1, 202, in the Superior Court for Los Angeles, California, naming as Defendant SUZAN SIRAJELDINE, an individual, and DOES 1-100. *See* Exhibit 1 to Nissen Decl. at ¶2, Exh. 1.

According to the Complaint, "The acts alleged in this Complaint occurred on or around March 10, 2023, at approximately 2:30 p.m., when the vehicle driven by Defendant SEAN WHILDEN [SIC], was traveling northbound on Sepulveda Boulevard, in the city of Manhattan Beach, county of Los Angeles, state of California. While Plaintiff was traveling southbound on Sepulveda Boulevard, DEFENDANT made a negligent left turn onto 19th street and collided with Plaintiff's vehicle. This resulted in collision and caused the impact between the 2019 BMW X6 and Plaintiff, SEAN WHILDEN's 2018 Hyundai Elantra ("Subject Incident")." (*See* Exhibit 1 (Complaint at ¶6) to Nissen Decl. at ¶2.

On February 20, 2024, Defendant SUZAN SIRAJELDINE was served with the Summons and Complaint.

---

NOTICE OF REMOVAL OF ACTION TO 28 U.S.C. §§ 1332, 1441

1

2 **II.     TIMELINESS, JOINDER, AND VENUE**

3          The Complaint is removable under 28 U.S.C. § 1332(d)(2). The Removing

4 Defendant has satisfied all procedural requirements of 28 U.S.C. § 1446 and

5 hereby remove this action to the United States District Court for the Central

6 District of California, Western Division, pursuant to 28 U.S.C. §§ 1332 and 1446.

7          The Complaint was filed in the Superior Court for Los Angeles County,

8 California on  August 1, 2023.  *Id.,* Exhibit 1 at ¶2.  On or about February 20,

9 2024, Defendant was served with the Summons and Complaint.

10         This Notice of Removal is timely pursuant to 28 U.S.C. § 1446  because it

11 is filed within 30 days of Defendant's receipt of the Complaint. *See* 28 U.S.C. §

12 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on

13 that defendant of the initial pleading or summons described in paragraph (1) to

14 file the notice of removal"); *see also Murphy Bros. v. Michetti Pipe Stringing*,

15 526 U.S. 344, 347-348 (1999) (removal is timely if filed within 30 days of formal

16 service of summons and complaint); *Quality Loan Serv. Corp. v. 24702 Pallas*

17 *Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (same); *Lewis v. City of Fresno*, 627

18 F.Supp.2d 1179 (E.D. Cal. 2008) (the last-served rule states that the last-served

19 defendant is allowed a full 30 days after being served to remove).

20         Removing Party is NOT a citizen of the State in which this action is

21 brought, and thus removal is proper under 28 U.S.C. § 1441(b)(2).  *Dechow v.*

22 *Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054-55 (C.D. Cal. 2019) ("[T]he Court

23 adopts the plain language interpretation of § 1441(b)(2), which requires a party to

24 be properly joined *and* served before the forum defendant rule may limit the

25 Court's jurisdiction." (emphasis in original)); *Jacob v. Mentor Worldwide LLC*,

26 393 F. Supp. 3d 912, 921 (C.D. Cal. 2019) (remand denied where California

27 holding company was not a participant in producing or supplying allegedly

28 defective product and was thus a fraudulently joined defendant).

NOTICE OF REMOVAL OF ACTION TO 28 U.S.C. §§ 1332, 1441

The United States District Court for the Central District of California, Western Division, is the judicial district within which the state court action is pending and in which the events or omissions giving rise to the claim occurred' *See* 28 U.S.C. §§ 1446(a) and 28 U.S.C. § 84(c).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of California, County of Los Angeles, and will be served on all adverse parties.

**III.   BASIS FOR REMOVAL JURISDICTION.**

Subject matter jurisdiction rests with the federal courts in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The District Court has original jurisdiction over this action under 28 U.S.C. § 1332 and the Removing Defendants may remove the action pursuant to 28 U.S.C. § 1441, as follows:

**A.      Diversity Jurisdiction is Satisfied**

As alleged in the Complaint and based on investigation, Plaintiff SEAN WHILDEN, is a permanent resident citizen and domiciles in the State of California. *See* Nissen Decl., Exhibit 1 (Complaint at ¶ 1) at ¶2.

Defendant SIRAJELDINE, Removing Party, is an individual citizen of Canada and resident of the Ontario, Canada.

**B.      Amount in Controversy is Facially Apparent**

It is facially apparent in Plaintiffs' Complaint that the amount in controversy is in excess of $75,000.00 as follows:

Plaintiff's Complaint alleges "as a direct and legal result of the Defendants' breach of duty owed to PLAINTIFF and others, PLAINTIFF sustained serious injuries and harm. As a consequence, thereof, PLAINTIFF has incurred, and will in the future incur, medical expenses in an amount to be determined by the trier of fact, special damages, and general damages in an amount to be determined by the

1  trier of fact." Exhibit 1 at ¶12 to Nissen Decl.  at ¶2.

2

3        Plaintiffs' claims of damages for severe injuries and past and future pain
4  and sufferer are sufficient to establish that the amount in controversy exceeds
5  $75,000 on the face of the Complaint. *See Hammerland v. C.R. Bard, Inc.*, No.
6  2:15-cv-05506-SVW-JEM, 2015 U.S. Dist. LEXIS 134962, 2015 WL 5826780
7  (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those
8  requiring surgery, courts have found it facially apparent from the complaint that
9  the amount in controversy was satisfied.").

10       Further, Responding Party understands that the Sweet James law firm
11 representing Plaintiff filed a statement of damages alleging $500,000 in damages.

12       Plaintiff's statement of damages contains no indiciation that it fails to
13 reflect Plaintiff's honest assessment of his alleged damages. Thus, Plaintiffs'
14 statement of damages appears to constitute a reasonable estimate of the amount in
15 controversy. *See, e.g., Rile v. STRS Ohio CA Real Estate Inv. I, LLC*, No. 09-
16 05634 CW, 2010 WL 183965 at *2-3 (N.D. Cal. May 3, 2010) (finding that the
17 removing party had satisfied the amount-in-controversy requirement based on a
18 showing that the plaintiff made a pre-removal settlement offer of $75,000, since
19 that demand constituted "stong evidence that [the plaintiff] consider[ed] the case
20 to be worth more than this amount").

21       As such, while Removing Defendant denies liability as to Plaintiff's
22 claims, it is "more likely than not" that the amount in controversy exceeds
23 $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).
24 account general damages, property damage, or past and future loss of earnings.

25       Moreover, Removing Defendant is only required to provide "a short and
26 plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because
27 Plaintiff's Complaint does not demand a specific amount of damages and indeed
28 California practice does not permit them to demand a certain sum, *see* CAL.

NOTICE OF REMOVAL OF ACTION TO 28 U.S.C. §§ 1332, 1441

CODE CIV. PROC. § 425.10: under Cal. Civ. Proc. Code § 425.10(b) (". . . [W]here an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated . . . ."), the Removing Defendant is entitled to plausibly "assert the amount in controversy" under 28 U.S.C. § 1446(c)(2) and need not offer any supporting evidence. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446 (c)(2) (B) only when the plaintiff contests, or the court questions, the defendants allegation.").

Based on the policy limits demand noting claimed past and future medical specials, and the allegations of severe, permanent, and degenerative disabilities and injuries set forth in the Complaint, it is inconceivable that the amount in controversy is less than the $75,000 jurisdictional threshold.

## IV. CONCLUSION

WHEREFORE, Removing Defendant SUZAN SIRAJELDINE prays that this action be removed from Los Angeles County Superior Court to the United States District Court for the Central District of California, Western Division. Removing Defendant respectfully demands a jury trial.

Dated: March 21, 2024                         Respectfully submitted,

By: **/s/ *Christopher D. Nissen***
Christopher D. Nissen, Esq.
Attorneys for Defendant SUZAN
SIRAJELDINE

NOTICE OF REMOVAL OF ACTION TO 28 U.S.C. §§ 1332, 1441